

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Darryl Chambers,<br>  Petitioner, | : | Criminal No. 97-CR-105-KAJ |
| | : | Civil No. 04-CV-1317-KAJ |
| v. | : | |
| UNITED STATES OF AMERICA,<br>  Respondant. | :<br>: | |

MOTION TO EXCUSE PROCEDURAL DEFAULT AND
MOTION TO GRANT WRIT
--------

  AND NOW COMES Darryl Chambers, petitioner pro se, and prays and respectfully moves this Honorable Court to excuse the procedural default resulting from petitioner's untimely filing of the writ of habeas corpus to restore petitioner's appellate rights because the constitutional violation herein has resulted in the conviction and sentence of one who is actually innocent.

  As grounds for this motion, petitioner submits the following:

A. SHOWING OF ACTUAL INNOCENCE EXCUSES FAILURE TO COMPLY WITH LIMITATIONS PERIOD.

  In Murray v. Carrier, 477 U.S. 478 (1986), and Schlup v. Delo, 513 U.S. 298 (1995), the Supreme Court recognized a narrow exception to the cause and prejudice requirement when a constitutional violation probably resulted in the conviction of a person who is "actually innocent" of the substantive offense. According to Schlup, a petitioner will be permitted to argue the merits of defaulted constitutional claims if he can show "it

is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."

In this case, petitioner was convicted via guilty plea of conspiracy to possess with intent to distribute cocaine base and cocaine, 21 U.S.C. §846, and possession with intent to distribute cocaine and cocaine base, 21 U.S.C. §841(a). The indictment made no mention of quantity. Therefore, pursuant to the Comprehensive Drug Abuse Prevention and Control Act of 1970, petitioner faced a statutory penalty of zero to 20 years imprisonment, not the mandatory minimum of 10 years to life as counsel had advised petitioner.

At the sentencing, using drug quantity, the government and PSI Report intimated that, using drug quantity of 50 grams or more of cocaine base, petitioner should receive a sentence of 204 months' imprisonment. After the sentencing, petitioner requested counsel to file an appeal, because upon information and belief, since the indictment did not allege any specific quantity, nor did petitioner admit to any specific quantity, petitioner should not have been punished to any mandatory minimum sentence by statute.

Counsel advised petitioner that he did not have any issues to appeal. And, no appeal was filed.

B. LACK OF JURISDICTION

In Schlup, the U.S. Supreme Court held that a petitioner who procedurally defaults the constitutional violation he alleged in his petition may not present it in a federal habeas proceeding unless he first demonstrates that either: 1) "cause and prejudice" excuses the default; or 2) the dismissal of his appeal would produce "a miscarriage of justice." To establish a miscarriage of justice, the petitioner must furnish "new reliable evidence...

-2-

that was not presented at trial" showing that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."

In In re Winship, 397 U.S. 358 (1970), the Supreme Court declared that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of **every fact** necessary to constitute the crime with which he is charged." Id. at 364. Petitioner respectfully submits that counsel knew or should have known that it would be unlawful for petitioner to plea to the indictment alleging no amounts of controlled substance, and subsequently fail to object to the PSI Report and the government's assertion that petitioner was responsible, for sentencing purposes, for distributing an amount of controlled substance, an element of §841(a) offenses, without that amount of substance being charged in the indictment and proven beyond a reasonable doubt. It was further error on counsel's behalf to fail to file an appeal at the very least on jurisdictional grounds because a quantity of 50 grams or more could not be used to sentence petitioner where the indictment does not allege any amount. See, e.g. California v. LaRue, 409 U.S. 109 (1972)(where Supreme Court declared that jurisdiction cannot be waived and cannot be conferred upon a federal district court by consent, inaction or stipulation).

C. LIMITATIONS PERIOD

In 1996, Congress passed AEDPA, which created a one-year limitations period for habeas claims. The fact that AEDPA did not include an actual innocence exception for the newly created limitations period does not show that Congress intended to eliminate the exception in all contexts except

-3-

for the two explicitly addressed in the statute.

Even after AEDPA, the courts of appeals have continued to apply the more lenient Schlup actual innocence exception to cases involving other types of procedural default. Moreover, in Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held that, in a case in which a petitioner defaulted on his federal claims in state court by failing to timely file in state post-conviction proceedings, federal habeas review was still available if the petitioner demonstrated that failure to consider the claims would result in a fundamental miscarriage of justice.

Thus, five years prior to the enactment of the federal statute of limitations, it was already well established that a procedural default resulting from an untimely filing could be excused by a federal habeas court where a constitutional violation has probably resulted in the conviction of one who is actually innocent.

D. CONCLUSION

In this case, petitioner respectfully submits that he is actually innocent of the substantive offense(s) for which he was convicted. Pursuant to the Comprehensive Drug Abuse Prevention and Control Act of 1970, Section(s) 841(b)(1)(A), (b)(1)(B) and (b)(1)(C) are no doubt "separate offense[s] calling for...separate penaltie[s]," Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. at 2365 (2000). And, counsel was ineffective for failing to file a notice of appeal, at the very least on the grounds that the district court was without jurisdiction to punish petitioner using drug quantity of 50 grams or more as the basis for his sentence with a guilty verdict for an indictment with no amounts. See, e.g. United States v. Gonzales, 259 F.3d 355, 360

(5th Cir. 2001); see also, <u>United States v. Baptiste</u>, 264 F.3d 578 (5th Cir. 2001)(where the U.S. Court of Appeals for the Fifth Circuit held that a due process error involving the failure to charge drug quantity in the indictment and submit to jury [or factfinder] for proof beyond a reasonable doubt is a jurisdictional defect).

      Counsel's letter to the government on December 2, 2004, is proof positive of his ineffective assistance. The fourth paragraph of the letter indicates that counsel "very well may have advised" petitioner that because of the circumstances surrounding the stipulation and agreement that was reached, that there were no appealable issues. (See Exhibit "A"). Clearly, at the very least there is a jurisdictional defect. Positively, petitioner is innocent of any offense arising under §841(b)(1)(A), the conviction and sentencing statute that petitioner was sentenced pursuant to. And, for the government to suggest to this Honorable Court that the motion be dismissed on procedural grounds, when petitioner is clearly actually innocent, would be "constitutionally problematic," as the Supreme Court has noted in <u>Herrera v. Collins</u>, 506 U.S. 390 (1993), where three justices opined that incarcerating an actually innocent person would violate the Eighth Amendment's prohibition of cruel and unusual punishment.

      WHEREFORE, petitioner Darryl Chambers, prays and respectfully moves this Honorable Court to DENY the government's motion to dismiss and ORDER the government to answer petitioner's §2255 motion within 10 days of notice of the denial of that motion to dismiss or in the alternative, GRANT the writ and ORDER petitioner writted for an evidentiary hearing on his claim of ineffective assistance of counsel for counsel's failure to file an appeal.

-5-

Respectfully Submitted,                              Dated: 03/11/05

*[signature]*

Darryl Chambers - Pro Se
Reg. No. 04022-015
LSCI Allenwood
P.O. Box 1000
White Deer, PA  17887-1000


EXHIBIT "A"

LAW OFFICES
## JOSEPH W. BENSON, P.A.

JOSEPH W. BENSON*
ANDREW G. AHERN III
CARL W. HECKERT **

1701 N. MARKET STREET
P O. BOX 248
WILMINGTON, DELAWARE 19899
(302) 656-8811
FAX (302) 656-4230

*ADM. DE, DC
** ADM. DE & PA

December 2, 2004

Robert J. Prettyman, Esquire
U.S. Department of Justice
The Nemours Building
1007 Orange Street
Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046

Re: Darryl Chambers v. United States
Civ. A. No. 04-1317-KAJ

Dear Bob:

This will acknowledge receipt of additional correspondence from you under date of December 1, 2004 in which you included additional documents filed by Mr. Chambers, pro se.

As I indicated in my phone conversation with you, I have been trying to locate his file since I initially received correspondence from you in late November, however I have been unsuccessful in finding same. I will continue to look for the file and to the extent that upon recovering the contents it differs from what I am about to advise you as my current recollection, I will notify you immediately.

In reviewing the documents filed by Mr. Chambers, I must tell you that there is absolutely no recollection on my part that I was instructed by Mr. Chambers to take an appeal, subsequent to his being sentenced by Judge McKelvey.

It is possible that Mr. Chambers asked me about the possibility of an appeal and I very well may have advised him that because of the circumstances surrounding the stipulation and the agreement that we reached, that there were no appealable issues.

Had I been instructed by Mr. Chambers to take an appeal, I would have immediately done so. If I then continued to feel that there were no legitimate issues for an appeal, I would have then filed an Anders Brief. I have occasionally been put in this situation, and have always, and I repeat always, followed the instructions of my client. I may disagree with the client regarding the likelihood of the success of an appeal, but I protect their rights by doing so.

Robert J. Prettyman, Esquire
Page 2

As I indicated, this is my recollection of the issues at hand, and once I retrieve my file, to the extent that anything in the file would cause me to change my recollection or refresh my recollection, I will notify you immediately.

Please contact me should you require any further assistance.

Very truly yours,

JOSEPH W. BENSON

Joseph W. Benson

JWB/al
c: Darryl Chambers

## PROOF OF SERVICE

I certify that on __3/11/05__ (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

Clerk's Office
U.S. District Court
District of Delaware
844 King Street
Lockbox 18
Wilmington, DE  19801
(Original and Two Copies of Motion to Grant Writ)

Robert J. Prettyman-AUSA
U.S. Attorney's Office
The Nemours Building
1007 Orange Street
Suite 700
P.O. Box 2046
Wilmington, DE  19899
(One Copy-Same)

## PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on __3/11/05__ (date) for forwarding to the ~~Court of Appeals~~. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_signature_
Signature
Darryl Chambers - Pro Se
Reg. No. 04022-015
LSCI Allenwood
P.O. Box 1000
White Deer, PA  17887-1000

Dated: __March 11, 2005__

FORMS\BRFS-aPP\Informal Brief Questionnaire.wpd

REV 12/05