IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DARRYL CHAMBERS,       :
                             :
       Petitioner,      :
                             :
                             :  Civil Action No.  04-1317 – KAJ
     v.                 :  Criminal Action No. 97-105-KAJ
                             :
                             :
UNITED STATES OF AMERICA, :
                             :
       Respondent.     :

RESPONSE BY UNITED STATES TO CHAMBERS' MOTION TO EXCUSE
PROCEDURAL DEFAULT AND MOTION TO GRANT WRIT

NOW COMES the Respondent United States of America, by and through its counsel Colm F. Connolly, United States Attorney and Robert J. Prettyman, Assistant United States Attorney and hereby respectfully responds to Chambers' motion to excuse procedural default and motion to grant writ ["motion"] by respectfully stating that the grounds for the motion lack merit and that the motion should be denied. In support, the United States alleges:

1. On November 12, 2004, the United States moved to dismiss Chambers' 28 U.S.C. §2255 motion because the motion was untimely filed under the statute of limitations in 28 U.S.C. § 2255, ¶6. (A-10).[1]

---

[1] References to the Appendix to this Response are denoted as "A-*."

2. On December 3, 2004, the Court stayed further response by the United States to Chambers' §2255 motion until the Court ruled on the motion to dismiss. (A-10,61).

3. On March 18, 2005, the United States received by mail Chambers' motion to excuse procedural default and motion to grant writ. In that motion, Chambers requests that the Court excuse his late filing of his §2255 motion because the indictment for which he was convicted did not allege the quantity of drugs and hence, he is actually innocent of the charge and the Court lacked jurisdiction over his criminal case. (A-62-66).

4. A credible allegation of innocence permits a court to hear a claim that has been procedurally defaulted, but neither the United States Supreme Court nor the Third Circuit has decided whether a claim of "actual innocence" excuses an untimely filing of a motion to vacate a sentence under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Downes v. Carroll, 348 F.Supp.2d 296, 304 (D.Del. 2004)(*citing cases*).[2] See also Holbrook v. Folino, No. Civ.A. 03-6841, 2005 WL 469589 at * 6 (E.D.Pa. Feb. 28, 2005)(unreported). Section 2255, ¶6 does not explicitly contain an "actual innocence" exception. See 28 U.S.C. §2255, ¶6. The United States submits that such a claim of "actual innocence" exception should not apply. See Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002)(§2244 context), citing Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000)(same). In discussing the issue, the First Circuit reasoned:

---

[2] The Third Circuit has ruled that the AEDPA statute of limitations is not jurisdictional, but rather a petitioner may prove an equitable reason for tolling the statute of limitations. See Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)(citation omitted). Equitable tolling is available if the petitioner in some extraordinary manner was not permitted to raise the violation of his rights. Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005)(citation omitted). Moreover, to take advantage of this equitable tolling, the Third Circuit requires that the petitioner prove that he used reasonable diligence in investigating and filing his habeas claim and excusable neglect does not constitute reasonable diligence. Jones, 195 F.3d at 159 (citation omitted). The theory of equitable tolling should be used "sparingly." Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005)(citation and internal quotation marks omitted).

> In general, defendants who may be innocent are constrained by the same explicit statutory or rule-based deadlines as those against whom the evidence is overwhelming: pre-trial motions must be filed on time, timely appeals must be lodged, and habeas claims must conform to AEDPA. In particular, the statutory one-year limit on filing initial habeas petitions is not mitigated by any statutory exception for actual innocence even though Congress clearly knew how to provide such an escape hatch.
>
> There is a strong public interest in the prompt assertion of habeas claims. Normally, the grant of habeas relief leaves the state free to retry the petitioner, but this becomes increasingly hard to do as memories fade, evidence disperses and witnesses disappear.

David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003)(footnote omitted)(§2244 context).

5. However, it should be noted that the circuit courts of appeal that have addressed the issue are not in agreement. See Souter v. Jones, 395 F.3d 577, 597-602 (6th Cir.2005)(discussing cases and issuing its own ruling). For example, the Seventh and Eighth Circuits permit a claim of actual innocence to equitably toll the AEDPA limitations period if the petitioner proves either some governmental conduct that prevented the petitioner from timely uncovering the facts underlying his claim or that a reasonably diligent petitioner could not have discovered these facts so as to timely file a habeas petition. See Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004)(citing and quoting Flanders), cert. denied, 125 S.Ct. 1348 (2005); Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002).

6. In the case at hand, Chambers does not allege that the government prevented him from discovering the facts underlying his claim. (A-31-60, 62-70). Additionally, Chambers has not alleged or shown that he used reasonable diligence or that a reasonably diligent petitioner could not have learned of the facts underlying his claim. (A-31-60,62-70). "Due diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances." Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir.

3

2004)(§2244 context)(citations and internal quotation marks omitted), petition for cert. filed (No. 04-9058)(March 9, 2005). Chambers filed his section 2255 motion on October 26, 2004. (A-36). As stated on page 4 of the United States' motion to dismiss Chambers' section 2255 motion, Chambers did not exercise reasonable diligence concerning his appeal rights because: 1) the Sentencing Court put him on notice of the possibility of those rights on November 17, 1998; 2) Chambers wrote the Sentencing Judge concerning his right to appeal on August 7, 2000; and 3) the Clerk of Court responded to Chambers by referring him to the Federal Rules of Appellate Procedure in a letter dated August 21, 2000. (A-20-21,28-30). Chambers was even less diligent concerning the facts of whether his indictment alleged a quantity of drugs. The indictment was returned on December 16, 1997 and Chambers signed that he had been presented with a copy of the indictment at his December 29, 1997 arraignment. (A-2, 11-13). Consequently, Chambers' failure to allege and prove reasonable diligence concerning his claim or governmental conduct preventing him from uncovering the facts underlying his claim makes him ineligible for any excuse for his untimely filing under the above Seventh and Eighth Circuit line of cases. [3]

       7. In Souter, the Sixth Circuit ruled that a habeas claim that was untimely filed may be heard if the petitioner can show that no reasonable juror would have rendered a guilty finding beyond a reasonable doubt and that "grave constitutional concerns" counseled against further restrictions on such a claim of actual innocence. 395 F.3rd at 598-601 and n. 16(citing cases). In the case at hand, the Court need not rule on whether there is an "actual innocence" exception to the limitations provision of 28 U.S.C.

---

[3] Moreover, as stated in paragraphs 7-12 infra, Chambers would not prevail under the Seventh and Eighth Circuit rule because he cannot show "actual innocence" of the charge to which he pled guilty.

§2255 because the Court can find that Chambers did not prove actual innocence even under this expansive standard and would not qualify to be excused from his procedural default even if there were such an exception. See Downes v. Carroll, 348 F.Supp.2d 296, 304-305 (D.Del. 2004).

8. The Third Circuit reviewed the standard for the actual innocence exception to a procedural default bar in a §2255 case in United States v. Garth, 188 F.3d 99, 107-114 (3d Cir. 1999). In Garth, the Third Circuit stated that the petitioner must prove that the constitutional error has probably resulted in the petitioner's conviction even though he is actually innocent. Id at 107, *quoting* Bousley v. United States, 118 S.Ct. 1604, 1611 (1998). The Garth Court further related:

> This [standard] requires a defendant to establish that " in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." [Bousley, 118 S.Ct. at 1161.] Thus, in habeas jurisprudence, "actual innocence" means factual innocence, not mere legal insufficiency." *Id*. Accordingly, "the Government is not limited to the existing record to rebut any showing that petitioner might make." *Bousley*, 118 S.Ct. at 1611-1612. Simply, stated, "'actual' innocence ... means that the person did not commit the crime." *Johnson v. Hargett*, 978 F.2d 855, 860 (5th Cir. 1992).

Garth, 188 F.3d at 107.

9. Chambers cannot show by a preponderance of the evidence that, in viewing all the evidence, no reasonable juror would have convicted him of the quantity of drugs for which he was sentenced even though the quantity of the drugs was not alleged in the indictment. During the original criminal prosecution, Chambers and the Government entered into a stipulation concerning the drug quantities. (A-7, 14-16). Chambers "knowingly, voluntarily and intelligently admit[ted] and the parties knowingly,

5

voluntarily and intelligently agree[d] and stipulate[d] that... the weight of the cocaine is at least 15 kilograms, but less than 50 kilograms and the weight of the crack cocaine is at least 150, but less than 500 grams." (A-14). That stipulation further set the sentencing guidelines calculations and related that the offense level was supported by the facts and evidence contained in the Pre-Sentence Report and the testimony and evidence presented at the sentencing hearing. (A-14-15). Additionally, the parties stipulated that each party would recommend a sentence of 17 years imprisonment [204 months imprisonment]. (A-15). The Sentencing Court used the guidelines calculations in the stipulation and sentenced Chambers to the stipulated 17 years imprisonment. (A-7, 14-15,18,20,22-23).[4]

10. Moreover, Chambers is not entitled to any benefits flowing from Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 124 S.Ct. 2531 (2004), or United States v. Booker, 125 S.Ct. 738 (2005). Chambers' conviction became final on December 3, 1998 and he is not entitled to retroactive application of those decisions to his collateral attack on the Judgment.[5] See Humphress v. United States, 398 F.3d 855, 857, 860-863 (6th Cir. 2005)(Booker is not to be retroactively applied to cases on collateral review); McReynolds v. United States, 397 F.3d 479, 480-481 (7th Cir.

---

[4] The Federal Bureau of Prisons returned page 19 of the United States' Appendix [page 6 of the Judgment in Chambers' case] to the United States' motion to dismiss Chambers' section 2255 motion because the "inmate is not allowed to receive copies of Statement of Reasons." However, the relevant information on that page also is essentially contained on page A-29 of that appendix in which the Sentencing Court adopted the factual findings and guidelines calculations in the Pre-Sentence Report, including the total offense level, criminal history category and guidelines range in the stipulation. Therefore, the United States is respectfully not including page 6 of the Judgment in its appendix to this response.

[5] Chambers was sentenced on November 17, 1998 and the Clerk docketed the Judgment on November 23, 1998. (A-8,17-21, 22). His conviction became final on the date that the time for filing a direct appeal elapsed – December 3, 1998 – ten days following the entry of the Judgment on the docket. Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999); Fed. R. App. P. 4(b)(1)(A)(i).

6

2005)(*same*); United States v. Swinton, 333 F.3d 481, 482, 491 (3d Cir. 2003)(Apprendi is not to be retroactively applied to cases on collateral review); United States v. Jenkins, 333 F.3d 151, 153-154 (3d Cir. 2003)(*same*); United States v. Wenzel, - F.Supp.2d - , 2005 WL 579064 at * 8-12 (W.D.Pa. 2005)(citing cases)(Blakely and Booker are not to be applied retroactively to cases on collateral review); United States v. Aikens, - F.Supp.2d - , 2005 WL 433440 at * 5-8 (E.D.Pa. 2005)(Booker is not to be retroactively applied).

11. Even if the Apprendi, Blakely, and Booker decisions were applicable, Chambers would not prevail on his motion to excuse his procedural default. These decisions are decisions dealing merely with procedural, and not substantive rules. Humphress, 398 F.3d at 860, n.1(citation omitted) (Booker context); McReynolds, 397 F.3d at 481(*same*); Jenkins, 333 F.3d at 154 (Apprendi context); Wenzel, 2005 WL 579064 at * 8,10,12 (Booker and Blakely context); Aikens, 2005 WL 433440 at *5-8 (Booker context). Additionally, the Apprendi, Blakely and Booker decisions do not apply in situations in which a sentence is imposed based upon facts admitted by the defendant and here, as stated above, Chambers stipulated to the drug quantities and the Court sentenced him in accord with that stipulation. (A-7, 14-16,18,20,22-23); United States v. Booker, 125 S.Ct. 738, 749, 756 (2005); Blakely v. Washington, 124 S.Ct. 2531, 2537 (2004). See also United States v. Rodriguez, No. 02-1695, 2005 WL 256346 at *2 (3d Cir. 2005)(unreported and non-precedential opinion)(a sentence based upon a defendant's "factual acknowledgements" in a guilty plea as to the defendant's role in the offense does not violate Booker); United States v. Trala, 386 F.3d 536, 547n.15 (3d Cir.

2004)(Blakely and Apprendi apply only to cases in which the Court resolves disputed factual issues and the result is a sentence above the statutory maximum).

12. Finally, even if the Apprendi line of cases were applicable, Chambers is not entitled to relief on his motion to excuse his procedural default because omissions of drug quantities in an indictment, even after Apprendi, do not deprive the Court of jurisdiction. United States v. Cotton, 535 U.S. 625, 627-628, 629-631 (2002).

Wherefore, for the above-stated reasons, the United States respectfully denies that Chambers is entitled to relief from his procedural default or the granting of a writ and respectfully requests that the Court deny his motion.[6]

Respectfully submitted,

Colm F. Connolly
United States Attorney

By _Robert J. Prettyman_
Robert J. Prettyman
Assistant United States Attorney

Date: March 25, 2005

---

[6] Pursuant to the Court's December 3, 2004 Order in this case, the United States respectfully reserves the right to file an Answer to Chambers' section 2255 motion if the Court denies the motion to dismiss filed by the United States. (A-61).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

DARRYL CHAMBERS,                          )
                                          )
            Petitioner,                   )
                                          )        Civil No. 04-1317-KAJ
        v.                                )        Criminal Act. No. 97-105-KAJ
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
            Defendant.                    )

## AFFIDAVIT OF SERVICE

I, Cynthia McMichael, an employee in the Office of the United States Attorney

for the District of Delaware, hereby attest under penalty of perjury that on the 25th day of March,

2005, I electronically filed a RESPONSE BY UNITED STATES TO CHAMBERS' MOTION

TO EXCUSE PROCEDURAL DEFAULT AND MOTION TO GRANT WRIT with the Clerk of

Court using CM/ECF. Said document is available for viewing and downloading from CM/ECF.

I also caused said document to be served by placing two copies in the U.S. Mail at the following

address:

Darryl Chambers
Pro Se Inmate
#04022-15
FCI - Allenwood
(Low Security Correctional Institution)
P.O. Box 1000
White Deer, PA 17887

Cynthia L. McMichael
Legal Assistant