

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Darryl Chambers,<br>    Petitioner,<br>    v.<br>UNITED STATES OF AMERICA,<br>    Respondant. | :<br>:<br>:<br>:<br>: | Criminal No. 97-CR-105-KAJ<br>Civil No. 04-CV-1317-KAJ |

F I L E

JUN 1 3 2005

U.S. DISTRICT COURT
DISTRICT OF DE

## MOTION FOR EVIDENTIARY HEARING

AND NOW COMES Darryl Chambers, petitioner pro se, and prays and respectfully moves this Honorable Court for an evidentiary hearing on the instant pending motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255.

As grounds for this motion, petitioner submits the following:

1. On November 11, 2004, this Honorable Court ordered the United States to respond to petitioner's 28 U.S.C. §2255 motion on or before December 8, 2004.

2. On November 12, 2004, the United States responded to petitioner's 28 U.S.C. §2255 motion by moving to dismiss it on statute of limitations grounds and respectfully reserved the right to file an answer on or before December 8, 2004, if this Honorable Court did not rule on the motion to dismiss.

3. On December 1, 2004, the United States received by mail from petitioner a Traverse to the United States' motion in which petitioner sought

this Honorable Court to require the United States to file an affidavit from prior counsel confirming or denying the allegation of ineffective assistance of counsel for counsel's failure to file a notice of appeal at petitioner's request.

    4. On December 2, 2004, the United States respectfully moved this Honorable Court to stay the filing of an Answer by the United States until 10 days after the Court rules on the pending motion by the United States to dismiss petitioner's §2255 motion pursuan to Rule 12 of the Federal Rules of Civil Procedure.

    5. Subsequently, petitioner filed a "Motion To Excuse Procedural Default And Motion To Grant Writ" pursuant to the Supreme Court's declaration in Schlup v. Delo, 513 U.S. 298 (1995), arguing that even after AEDPA, the courts of appeals have continued to apply the more Schlup actual innocence exception to cases involving other types of procedural default.

    6. Moreover, petitioner respectfully submits that an evidentiary hearing should be held in a case, such as petitioner's, where a petitioner defaulted on his federal claims in state or federal court, because of counsel's failure to timely file a notice of appeal, if the petitioner demonstrated that failure to consider the claims would result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722 (1991). Thus, five years prior to the enactment of the federal statute of limitations, it was already well established that a procedural default resulting from an untimely filing could be excused by a federal habeas court where a constitutional violation has probably resulted in the conviction of one who is actually innocent.

7. In this case, petitioner respectfully submits that he is actually innocent of the substantive offense(s) for which he was convicted. Petitioner was charged in an indictment alleging a conspiracy to possess and possession with intent to distribute indeterminate amounts of controlled substance. Counsel advised petitioner that he faced a statutory maximum penalty of life imprisonment, when in effect petitioner only faced a statutory maximum penalty of 20 years imprisonment pursuant to §841(b)(1)(C) under the Comprehensive Drug Abuse Prevention and Control Act of 1970.

8. Finally, petitioner respectfully moves this Honorable Court for an evidentiary hearing on his ineffective assistance of counsel claim as the AEDPA's one-year limitations period should be excused as petitioner is not seeking to collaterally attack the sentence, but merely is seeking to be put back into the position that he would have been in had his attorney filed a notice of appeal. The one-year limitations period does not commence until after the orderly administration of direct appeal. See In re Olabode, 325 F.3d 166, 172 (3rd Cir. 2003)(citing Kapral v. United States, 166 F.3d 565 at 572 (3rd Cir. 1999)(noting defendants should conclude direct review before commencing a §2255 proceeding).

Done this 06 day of 07 , 2005.

Respectfully Submitted,

Darryl Chambers - Pro Se
Reg. No. 04022-015
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000

# PROOF OF SERVICE

I certify that on ___6/7/05___ (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below:**

Clerk's Office  
U.S. District Court  
District of Delaware  
844 King Street  
Lockbox 18  
Wilmington, DE 19801  
(Original and Two copies of Motion for Evidentiary Hearing)

Robert J. Prettyman-AUSA  
U.S. Attorney's Office  
The Nemours Building  
1007 Orange Street  
Suite 700  
P.O. Box 2046  
Wilmington, DE 19899  
(One Copy-Same)

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on ___6/7/05___ (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Signature  
Darryl Chambers - Pro Se  
Reg. No. 04022-015  
LSCI Allenwood  
P.O. Box 1000  
White Deer, PA 17887-1000

Dated: ___6/7/05___

J:\FORMS\BRFS-APP\Informal Brief Questionnaire.wpd

REV. 02/95

3





DARRYL CHAMBERS #04022-015
LOW SECURITY CORRECTIONAL INSTITUTION-ALLENWOOD
P O BOX 1000
WHITE DEER   PA   17887-1000

7003 3110 0006 1291 6013

RETURNED FOR POSTAGE

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE
844 KING STREET
LOCKBOX 18
WILMINGTON   DE   19801

