IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DARRYL CHAMBERS,                    :

    PETITIONER,                    :

                       :

                       :     Civil Action No.  04-1317 – KAJ

       v.               :     Criminal Action No. 97-105-KAJ

                       :

                       :     <u>REDACTED  PUBLIC  VERSION</u>

UNITED STATES OF AMERICA, :

    RESPONDENT.       :

APPENDIX TO
RESPONSE BY UNITED STATES TO CHAMBERS' MOTION TO EXCUSE
PROCEDURAL DEFAULT AND MOTION TO GRANT WRIT
Volume 2

ATTORNEYS FOR UNITED STATES
Colm F. Connolly
United States Attorney
Robert J. Prettyman
Assistant United States Attorney
1007 N. Orange Street
Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046

Date: March 25, 2005

**APPENDIX – Volume 2**

Clerk's August 21, 200 Letter to Chambers ........................................................... A – 30

Chambers' 28 U.S.C. §2255 Motion ................................................... A - 31

Chambers' Traverse ................................................................... A - 51

December 3, 2004 Order of Court ....................................................... A - 61

Chambers' Motion to Excuse Procedural Default and Motion to Grant Writ ..... A - 62



OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

66

August 21, 2000

TO:  Mr. Darryl Chambers 04022-015
     FCI Otisville
     P.O. Box 1000
     Otisville, NY   10963

*CR. 97-105 RRM*

     RE:  Letter dated August 7, 2000

Dear Mr. Chambers:

     The above referenced letter has been received by this office
requesting assistance regarding your rights to appeal and/or file
a motion pursuant to 28 U.S.C. § 2255.  Please be advised that this
office is unable to render legal advise and therefore we are unable
to assist you.  We may however refer you to the Federal Rules of
Appellate Procedure and 28 U.S.C. § 2255 for answers to your
question.

                              Sincerely,

/caf                          PETER T. DALLEO
                              CLERK

cc:  The Honorable Roderick R. McKelvie

CERTIFIED: 11/8/04
AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, CLERK
BY
Deputy Clerk

A-30

AO 243   (Rev. 2/95)

COPY

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

FILED

NOV 1 2004

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

| United States District Court | District District of Delaware | |
|---|---|---|
| Name of Movant Darryl Chambers | Prisoner No. 04022-015 | Case No. 97-CR-105-KAJ |
| Place of Confinement | | |

Low Security Correctional Institution-Allenwood, P.O. Box 1000, White Deer, PA 17887

UNITED STATES OF AMERICA    V.    Darryl Chambers
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack    U.S. District Court District of Delaware.

2. Date of judgment of conviction    November 17, 1998

3. Length of sentence    204 months.

4. Nature of offense involved (all counts)    Conspiracy to possess with intent to distribute cocaine and "crack" cocaine, 21 U.S.C. §§846 and 841(a)(1).

5. What was your plea? (Check one)
   (a) Not guilty    ☐
   (b) Guilty    ☒
   (c) Nolo contendere    ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury    ☐
   (b) Judge only    ☐

7. Did you testify at the trial?
   Yes ☐    No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐    No ☒

(2)

AO 243    (Rev. 2/95)

9.  If you did appeal, answer the following:

    (a) Name of court _____ N/A _____

    (b) Result _____

    (c) Date of result _____

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐    No ☐

11.  If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____ N/A _____

       (2) Nature of proceeding _____

                             _____

       (3) Grounds raised _____

                             _____

                             _____

                             _____

                             _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
          Yes ☐    No ☐

       (5) Result: _____ N/A _____

       (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

       (1) Name of court _____

       (2) Name of proceeding _____

                               _____

       (3) Grounds raised _____

                               _____

                             _____

                             _____

                             _____

                             _____

(3)

AO 243   (Rev. 2/95)

(4)  Did you receive an evidentiary hearing on your petition, application or motion?

Yes  ☐     No ☐

(5)  Result _____ N/A _____

(6)  Date of result _____

(c)  Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1)  First petition, etc.        Yes ☐     No ☐
(2)  Second petition, etc.       Yes ☐     No ☐

(d)  If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____ N/A _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12.  State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

<u>CAUTION</u>: <u>If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.</u>

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b)  Conviction obtained by use of coerced confession.

(4)

A-33

AO 243    (Rev. 2/95)

(c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e)  Conviction obtained by a violation of the privilege against self-incrimination.
(f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g)  Conviction obtained by a violation of the protection against double jeopardy.
(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i)  Denial of effective assistance of counsel.
(j)  Denial of right of appeal.

A.  Ground one: _____  Denial of right of appeal.

_____

Supporting FACTS (state *briefly* without citing cases or law):  After the sentencing, petitioner

____ requested counsel to appeal the sentence.  Counsel stated that there

____ weren't any issues to appeal.  Petitioner thereby lost his vital

____ interest to have the court of appeals review the sentence.

_____

_____

_____

B.  Ground two: _____  N/A

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

C.  Ground three: _____  N/A

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

(5)

A-34

AO 243     (Rev. 2/95)

D.  Ground four: _____ N/A _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so
presented, and give your reasons for not presenting them: _____

_____ N/A _____

_____

_____

_____

14.  Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes  ☐     No  ☒

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked
herein:

(a)  At preliminary hearing _____ Joseph W. Benson, Esq. _____

_____ 1701 N. Market Street, P.O. Box 248, Wilmington, DE 19899

(b)  At arraignment and plea _____ Same as above. _____

(c)  At trial _____ N/A _____

(d)  At sentencing _____ Joseph W. Benson, Esq. _____

(6)

A-35

AO 343   (Rev. 2/95)

(e)  On appeal _____ <u>There was no appeal filed in this matter.</u>

_____

(f)  In any post-conviction proceeding _____ N/A

_____

(g)  On appeal from any adverse ruling in a post-conviction proceeding _____

_____ N/A _____

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes  ☒     No ☐

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes  ☐     No ☒

(a)  If so, give name and location of court which imposed sentence to be served in the future: _____

_____ N/A _____

_____

(b)  Give date and length of the above sentence: _____

_____

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

10 | 26 | 04
_____
Date

_____
Signature of Movant
Darryl Chambers - Pro Se
Reg. No. 04022-015
LSCI Allenwood
P.O. Box 1000
White Deer,  PA 17887-1000

(7)

A-36

 

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

Darryl Chambers,              :         Civil No. 04-1317-KAJ
      Petitioner,               Criminal No. 97-105-KAJ

          :

     v.

             :

UNITED STATES OF AMERICA,
     Respondant.           :

## PETITIONER'S PRO SE
### AMENDED ALL-INCLUSIVE MOTION FOR RELIEF UNDER
### 28 U.S.C. §2255

AND NOW COMES Darryl Chambers, petitioner pro se and hereby files an amended all-inclusive motion for habeas corpus relief under 28 U.S.C. §2255 pursuant to ORDER of this Honorable Court of October 5, 2004. This petition for habeas relief is the only issue to be presented before this court.

I. CASE HISTORY

A Two Count Indictment was filed on December 1997, charging petitioner with conspiracy to possess with intent to distribute cocaine and cocaine base, controlled substances, in violation of 21 U.S.C. §§846 and 841(a)(1). Count Two charged possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B). (See Exhibit "A").

On February 10, 1998, a change of plea hearing was conducted. The court informed petitioner of the maximum and minimum penalties he faced. Since no quantities had been charged, the maximum penalty prescribed by statute

-1-

should have been 20 years imprisonment with no mandatory minimum.  See Comprehensive Drug Abuse Prevention and Control Act of 1970, §§401(b)(1)(A, B, C), 406, 21 U.S.C. §§841(b)(1)(C), 846.

At the plea colloquoy, petitioner agreed when the court asked whether the facts presented in the government's case were true.  But it was not clear whether petitioner was agreeing to specific amounts of controlled substance or merely acknowledging that that was the government's intention.  In fact, petitioner specifically reiterated that he was not admitting to conspiracy to distribute "crack".  (See Change of Plea Transcripts, Exhibit "B", Pages 23-25).  The district court did not ask petitioner to provide an independant estimate of the quantities of the drugs that were the object of the conspiracy or conspiracy itself, nor were any amounts charged in the indictment.

Judgment was rendered on November 17, 1998, where the district court, using preponderance of the evidence, sentenced petitioner to 204 months based upon drug quantity.

After the sentencing, petitioner requested counsel to file an appeal.

Counsel advised petitioner that he did not have any grounds for appeal.

II. ISSUE

The sole issue presented in this amended all-inclusive motion for habeas corpus relief is whether counsel was ineffective for failing to file an appeal based upon a violation of due process of law under the Drug Abuse Prevention and Control Act of 1970, for offenses that charged indeterminate amounts of controlled substances and convictions thereof, thereby resulting in a denial of effective assistance of counsel at the appellate stage of the proceeding.

-2-

III. RULE OF LAW

Petitioner submits that persons convicted in federal district courts have a right to a direct appeal. See Coppedge v. United States, 369 U.S. 438 (1962). In addition, the Sixth Amendment right to counsel extends to the direct appeal, Douglas v. California, 372 U.S. 353 (1963), and it obligates the attorney to file the appeal and identify possible issues for the court even if, in the attorney's opinion, those issues are not meritorious. See Anders v. California, 386 U.S. 738 (1967).

Finally, this Circuit has declared that when a defendant is convicted of a crime and alleges that his lawyer failed to appeal the conviction, and there is a potential factual dispute on this issue, the defendant is entitled to a hearing before the District Court to prove that he made the request and that the lawyer failed to honor the request. See Solis v. United States, 252 F.3d 289 at 295 (3rd Cir. 2001).

IV. APPLICABILITY

Applying the law of this circuit and Supreme Court precedent, a defendant claiming ineffective assistance of counsel must show: 1) that counsel's representation fell below an objective standard of reasonableness, and 2) that counsel's deficient performance prejudiced defendant. See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000)(quoting Strickland v. Washington, 466 U.S. 668 (1984)). That test also applies to a petitioner's claim that counsel was ineffective for failing to file a notice of appeal. See Solis, 252 F.3d at 295.

In this case, petitioner submits in a detailed and specific affidavit that he requested counsel to file an appeal of the sentence because: 1) the

-3-

indictment did not allege any specific drug quantity and therefore the statu-tory maximum exposure should have been 20 years and not life imprisonment; 2) petitioner never admitted to any substance as being "crack", and 3) the district court never asked petitioner to provide an independant estimate of the quantities of the drugs that were the object of the conspiracy. Counsel responded by stating that petitioner did not have any issues to appeal, despite the Drug Abuse Prevention and Control Act of 1970 that states the contrary with respect to penalties for controlled substances not charged in any indictment nor proven beyond a reasonable doubt.

V. CONCLUSION

In this case, petitioner submits that he directed counsel to file an appeal after the sentencing, but counsel failed to comply. On its face, this creates a question of fact whether petitioner requested counsel to appeal. If he did, then petitioner's Sixth Amendment right to counsel was violated when counsel failed to act. See Flores-Ortega, 528 U.S. at 477, 120 S.Ct. 1029. And, a new opportunity to directly appeal the sentence is the remedy for petitioner's alleged ineffective assistance of counsel. See Solis, 252 F.3d at 294 (quoting United States v. West, 240 F.3d 456, 459 (5th Cir. 2001)).

PRAYER

WHEREFORE, PETITIONER Darryl Chambers, prays to this Honorable Court for the following relief:

A) An Order to Show Cause to be served upon Respondant;

B) An Order remanding petitioner to the district court for resentencing so that petitioner can enjoy his right to counsel on direct appeal;

C) In the alternative, an Order remanding petitioner to the district

-4-

court to test the truth as to whether or not he specifically requested counsel to file an appeal as alleged in petitioner's 28 U.S.C. §1746 Certification (Affidavit of Darryl Chambers), see Solis, 252 F.3d at 295; see also Rule 4(b) of Rules Governing §2255 Proceedings;

     1. If said evidentiary hearing is Ordered by this Honorable Court, petitioner is respectfully requesting appointment of counsel pursuant to 18 U.S.C. §3006A(2)(B), and/or

     D) Any such other and further relief this Honorable Court deems just and appropriate and in the interest of justice.

Done this ⟨2⟩ day of ⟨October⟩ , 2004.

Respectfully Submitted,

Darryl Chambers - Pro Se
Reg. No. 04022-015
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000

-5-

A-41

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

EXHIBIT "A"

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                  Criminal Action No. 97-105

DARRYL CHAMBERS, a.k.a. WOLFIE,

      Defendant.



### INDICTMENT

The Grand Jury for the District of Delaware charges that:

### COUNT I

In or about July 1997, to on or about December 8, 1997, in the State and Judicial District of Delaware, Darryl Chambers, a.k.a. Wolfie, defendant herein, did knowingly conspire with "F.B." and "L.C." to possess with intent to distribute cocaine and cocaine base, controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), all in violation of Title 21, United States Code, Section 846.

### COUNT II

On or about December 8, 1997, in the State and Judicial District of Delaware, Darryl Chambers, a.k.a. Wolfie, defendant herein, did knowingly possess cocaine and cocaine base, controlled substances, intending to distribute them, all in violation of

Title 21, United States Code, Section 841(a)(1) and (b)(1)(B), and Title 18, United States

Code, Section 2.

A TRUE BILL:



Foreperson

GREGORY M. SLEET
United States Attorney.

BY: *Robert J. Prettyman*
Robert J. Prettyman
Assistant United States Attorney

Dated:   December 16, 1997

*"B"*

1

<pre>
1              IN THE UNITED STATES DISTRICT COURT

2             IN AND FOR THE DISTRICT OF DELAWARE

3                         - - -

4    UNITED STATES OF AMERICA,      :     CRIMINAL ACTION
                                    :
5              Plaintiff,           :
                                    :
6          v.                       :
                                    :
7    DARRYL CHAMBERS, a/k/a         :
     "Wolfie",                      :
8                                   :
               Defendant.           :     NO. 97-105 (RRM)
9
                         - - -
10
                      Wilmington, Delaware
11      Tuesday, February 10, 1998 at 11:24 o'clock, a.m.
                    CHANGE OF PLEA HEARING
12
                         - - -
13
     BEFORE:   HONORABLE RODERICK R. McKELVIE, U.S.D.C.J.
14
                         - - -
15
     APPEARANCES:
16

17          ROBERT J. PRETTYMAN, ESQ.
            Assistant United States Attorney
18
                 Counsel for Government
19

20
            JOSEPH W. BENSON, P.A.
21          ATTN:  JOSEPH W. BENSON, ESQ.

22               Counsel for Defendant Darryl Chambers

23

24

25                    Brian P. Gaffigan
                      Official Court Reporter
</pre>

1  examined and weighed the drugs seized on December 8, 1997, and

2  determined the three clear plastic bags to have a net weight

3  of 265.09 grams and to contain cocaine.  He determined the net

4  weight of the 242 bags to be 30.09 grams and, in analyzing a

5  random selection of 50 of those bags, he found a net weight of

6  6.38 grams of cocaine base.  Both the chemist and Detective

7  Sullivan have observed the cocaine base and have concluded

8  that the substance is "crack."

9            Richard Canty, an expertly trained and experienced

10  fingerprint examiner, analyzed the scale seized by law

11  enforcement officers on December 8, 1997 and determined that

12  the latent fingerprint on that scale matched the fingerprint

13  of Darryl Chambers.

14            Thank you, your Honor.

15            THE COURT:  All right.  Did you identify any facts

16  in that summary that you do not intend to admit are true?

17            MR. BENSON:  Yes, your Honor.

18            THE COURT:  All right.  Shall we go through them?

19            MR. BENSON:  Well, the only thing that Mr.

20  Chambers has indicated to me that he is prepared to agree

21  to was that he in fact did conspire with ██████████

22  ████████████ to distribute cocaine powder and cocaine

23  base, not insofar as cocaine base is in fact "crack."

24            MR. PRETTYMAN:  Your Honor, he so admitted that

25  in paragraph two of the plea agreement as well and in effect

24

1    is an admission to the charge in count one of the conspiracy.

2    THE COURT: All right. Are you satisfied with

3    that admission as being sufficient for the Government's

4    purpose?

5    *here,* MR. PRETTYMAN: Yes, your Honor, if Mr. Chambers

6    would agree to that in court today or at least confirm to the

7    Court the statement in paragraph two of his plea agreement,

8    that in or about July, 1997 to on or about December 8th, 1997,

9    in the State and Judicial District of Delaware, that he did

10   knowingly conspire with ████████████████████████████████

11   ████████████████ to possess with intent to distribute cocaine

12   and cocaine base, controlled substances, in violation of 21

13   United States Code, Section 841(a)(1) and (b)(1)(A) and 21

14   United States Code, Section 846.

15   THE COURT: All right. Do you admit those facts

16   are true?

17   THE DEFENDANT: Yes, those facts are true.

18   THE COURT: Pardon?

19   THE DEFENDANT: Yes.

20   THE COURT: Is there anything else you need in

21   connection with the factual admission?

22   MR. PRETTYMAN: No, your Honor.

23   THE COURT: All right.

24   *Uxcelling* MR. BENSON: My client just wanted to reiterate he

25   is not admitting a conspiracy to distribute "crack."

A-46

25

1        THE COURT:  All right.  It's cocaine base and

2   cocaine.

3        MR. BENSON:  For purposes of the statute but not

4   for purposes of the guidelines.

5        THE COURT:  Is there anything else I need to do

6   before I accept the plea?

7        MR. PRETTYMAN:  I don't think so, your Honor.

8        THE COURT:  Is there anything else I need to do to

9   support the plea?

10        MR. BENSON:  I don't think so, judge.

11        (Defense counsel confers with defendant.)

12        MR. BENSON:  Your Honor, just for the record, I'd

13   like to just state that I have spent a substantial amount of

14   time with Darryl Chambers in discussing this and the exposure

15   that he potentially has.  One of the things that the Govern-

16   ment has conceded, if that is even the appropriate word, is

17   that they would recommend sentencing on the low end of the

18   guidelines scale but still he is looking at a substantial

19   amount of incarceration; and it's difficult, I mean as an

20   attorney, to represent him and have him tell me that he wants

21   to plead guilty to something that is going to result in

22   probably, in the best case scenario, probably 20-some years

23   incarceration but he has maintained that he wants to do that.

24   I'm satisfied that for whatever reason, he is doing it

25   voluntarily and I believe that.  So I wanted the record to

A-47

32

1    that's fine with me.   I'll schedule it around your schedules;

2    okay?

3                    MR. PRETTYMAN:   Thank you, your Honor.

4                    THE COURT:   So we'll do it 10:00 o'clock on the

5    19th, unless people agree on a different date.   And that will

6    give us plenty of time to have the report in and you just

7    need to remember to remind me, one way or the other, with a

8    letter.

9                    MR. BENSON:   This is tentatively for sentencing?

10                   THE COURT:   Tentatively for sentencing.   And it

11   will be converted into a evidentiary hearing, if you want it

12   that way.

13                   MR. BENSON:   Again, your Honor, as opposed to sen-

14   tencing, this may take a number of hours, for your scheduling

15   purposes.

16                   THE COURT:   All right.   I'll put it down for four

17   or five hours.

18                   MR. BENSON:   Yes.

19                   MR. PRETTYMAN:   Thank you, your Honor.

20                   MR. BENSON:   Thanks, judge.

21                   THE COURT:   I'll see you in May.   All right?

22                   (Change of plea hearing ends at 12:00 p.m.)

23

24

25



(79)

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

Darryl Chambers,                    :        Civil No. 04-1317-KAJ
            Petitioner,                      Criminal No. 97-105-KAJ
                                    :
        v.
                                    :
UNITED STATES OF AMERICA,
            Respondant.             :

### AFFIDAVIT OF DARRYL CHAMBERS

        NOW COMES Darryl Chambers, affiant in the instant amended all-inclusive
motion for habeas relief, and hereby depose and says pursuant to 28 U.S.C.
§1746 under penalty of perjury of the laws of the United States of America,
the following:

        1. I am the same Darryl Chambers who was previously "defendant" in
the above-captioned criminal number 97-105-KAJ in the United States District
Court for the District of Delaware.

        2. I was represented by Joseph W. Benson, Esq., of Joseph W. Benson,
P.A., 1701 N. Market Street, P.O. Box 248, Wilmington, DE 19899.

        3. Prior to my entry of guilty to the indictment, counsel advised
me to plead guilty, without admitting that the substance in question was
"crack" cocaine.

        4. I asked counsel what penalty I would receive if I pleaded guilty
without stipulating to any "type" or "amount" of controlled substance.

        5. Counsel advised me that I would face a mandatory minimum of 10

-1-

years under the Drug Abuse Prevention and Conrol Act of 1970.

6. Based upon counsel's advice, I agreed to plead guilty to both counts in the indictment, without stipulating to any "type" or "amount" of controlled substance.

7. At the sentencing, I received a sentence of 204 months based upon information and belief, that the substance involved was "crack" cocaine and there was a specific "amount" of said substance involved.

8. I subsequently requested counsel to file an appeal because: 1) the indictment did not allege any specific drug quantity; 2) I never admitted to any substance as being "crack", and 3) the district court never asked me to provide an independant estimate of the quantity of drugs that were the object of the conspiracy.

9. Counsel advised me that I didn't have any issues to appeal.

10. No appeal was filed.

11. Upon information and belief, counsel failed to file an appeal at my request and his failure to do so resulted in my lost ability to protect my vital interests at stake, i.e., I was unable to demonstrate through the appellate process that there were factors that warranted appellate review pursuant to the Drug Abuse Prevention and Control Act of 1970.

AFFIANT FURTHER SAYETH NOT.

Signed: _____          Date: _____
       Darryl Chambers - Affiant

-2-

A-50

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

Darryl Chambers,
        Petitioner,

      v.

UNITED STATES OF AMERICA,
        Respondant.

:           Criminal No. 97-CR-105-KAJ

:           Civil No. 04-CV-1317-KAJ

:

:

:

**PETITIONER'S TRAVERSE TO UNITED STATES' RESPONSE
TO §2255 MOTION AND
MOTION TO COMPEL DISCOVERY**

AND NOW COMES Darryl Chambers, petitioner in the above-captioned §2255 motion and hereby traverse the United States' response to said motion and moves this Honorable Court to ORDER the United States to compel discovery in the form of an affidavit from petitioner's previous counsel, one, Joseph W. Benson, Esq., 1701 N. Market Street, P.O. Box 248, Wilmington, DE 19899, to either corroborate or refute petitioner's allegations that counsel failed to file an appeal at his request pursuant to 28 U.S.C. §1746.

As grounds for this motion, petitioner submits the following:

1. On November 11, 2004, this Honorable Court ORDERED the United States Attorney for the District of Delaware to respond to petitioner's amended all-inclusive motion to vacate, set aside or correct sentence, since it did not appear from the face of the motion that it should be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2255's.

2. There is nothing in §2255 which corresponds to the §2248 requirement of a traverse to the answer. However, the Supreme Court has de-

-1-

clared that the government's answer and affidavits are not conclusive against the movant, and if they raise disputed issues of fact, a hearing must be held.  See Machibroda v. United States, 368 U.S. 487, 494, 495 (1962).

3. In this case, the United States has not ascertained any affidavit from petitioner's previous attorney either corroborating or refuting petitioner's factual allegations.  As the record now stands, petitioner is entitled to judgment in his favor because of the United States' failure to ascertain any affidavit from Joseph W. Benson, Esq., which means that counsel and the government have acquiesced to petitioner's position with respect to the purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light.

4. However, in all fairness to the United States, petitioner will allow an additional 30 days, with this Honorable Court's blessing, to obtain an affidavit from counsel because petitioner is well aware that his allegations of ineffective assistance of counsel constitutes a waiver of the attorney-client privilege, and counsel is free to submit an affidavit either corroborating or refuting petitioner's allegations.  See Tasby v. United States, 504 F.2d 332 (8th Cir. 1975), cert. denied, 419 U.S. 1125 (1975).

5. Petitioner therefore moves this Honorable Court to relieve attorney Benson of his obligations under the Delaware Code of Professional Conduct, to allow counsel to aid the government to fully respond to petitioner's allegations and off the record assertions because an attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective.  See Solis v. United States, 252 F.3d 289, 295 (3rd Cir. 2001)(citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)).  The ag-

-2-

grieved inmate need only show "that...counse was ineffective and...but for counsel's ineffectiveness, an appeal would have been filed." Id.  The inmate need not show a reasonable probability of success on appeal. See id.

6. Thus, if Chambers' allegation that he instructed his attorney to appeal is accurate, then he has stated a claim for relief.  On the record as it currently stands, there is nothing from the United States to refute petitioner's allegations and petitioner is respectfully moving this Honorable Court to allow and compel the United States Attorney to furnish discovery in the form of an affidavit from counsel, Joseph W. Benson, Esq., pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, so that this Honorable Court can evaluate Chambers' claims.

7. Furthermore, petitioner submits that he is not seeking to "vacate, set aside or correct sentence" as the United States is suggesting in its response.  Petitioner is only seeking to be put back into the position that he would have been in had his attorney filed a notice of appeal. It will not be until Chambers has pursued his direct appeal would he then be able to raise any collateral attack in a §2255 motion, which would ensure the orderly administration of direct and collateral proceedings.  See IN RE OLABODE, 325 F.3d 166, 172 (3rd Cir. 2003)(citing Kapral v. United States, 166 F.3d 565 at 572 (3rd Cir. 1999)(noting defendants should conclude direct review before commencing a §2255 proceeding)).

8. Finally, this Honorable Court has communicated with petitioner in August of 2000 in regards to a letter forwarded to this Court from petitioner with respect to appellate rights that counsel had informed petitioner that he did not have any issues to appeal.  (See Exhibit "A").  This com-

-3-

A-53

munication gives credence to petitioner's position that he in fact requested to file a notice of appeal.

9. It was only because of counsel's ineffective assistance that an appeal was not filed based upon counsel's advice that petitioner did not have any issues to appeal, and, the docket sheet from this court indicates that counsel failed to file an <u>Anders</u> brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), identifying possible issues for the court even if, in the attorney's opinion, the issues are not meritorious. (See Exhibit "B", Docket Sheet, Case No. 97-CR-105, relevant portion).

WHEREFORE, petitioner Darryl Chambers, respectfully submits that discovery is necessary in order for this Honorable Court to evaluate any claim of ineffective assistance of counsel for failure to file a notice of appeal and an affidavit from counsel Joseph W. Benson is necessary in order to prepare for any evidentiary hearing on petitioner's ineffective assistance of counsel claim.

Done this 2 6 day of November s , 2004.


Respectfully Submitted,

Darryl Chambers - Pro Se
Reg. No. 04022-015
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000


-4-

"A"

EXHIBIT "A"



Darryl Chambers 04022-015
FCI Otisville
P.O.Box 1000
Otisville, NY 10963

August 7, 2000

The Honorable Roderick R. McKelvie
United States District Court
844 King Street
Lock Box 10
Wilmington, DE 19801

Re: United States v. Darryl Chambers
Cr. A. No. 97-105-RRM

Dear Judge McKelvie:

I am writing this letter in regards to my rights of appeal.

After carefully reviewing numerous case law, I have found several
issues that could possibly reduce my sentence.

My reason for writing you this letter is to ask if I have time
to file my Direct Appeal or should I file a 2255.

Thank you for your time and consideration.

Respectfully,

Darryl Chambers

CERTIFIED: 11/8/04
AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, CLERK

BY _____
Deputy Clerk

A-55

EXHIBIT "B"

CLOSED

U.S. District Court
U. S. District Court of Delaware (Wilmington)

CRIMINAL DOCKET FOR CASE #: 97-CR-105-ALL

USA v. Chambers
Dkt# in other court: None

Filed: 12/16/97

Case Assigned to:  Judge Kent A. Jordan

DARRYL CHAMBERS (1)
aka
WOLFIE
        defendant
    [term  11/19/98]

Joseph W. Benson
    [term  11/19/98]
[COR LD NTC ret]
Joseph W. Benson, Esq.
1701 N. Market St.
P.O. Box 248
Wilmington, DE 19899
(302) 656-8811

Darryl Chambers
#04022-015
[COR LD NTC] [PRO SE]
FCI Allenwood
P.O. Box 1000
White Deer, PA 17887

Pending Counts:

21:846 - CONSPIRACY TO POSSESS
W/INTENT TO DISTRIBUTE
COCAINE & COCAINE BASE (CT. I
- 7/97 THRU 12/8/97)
(1)

Disposition

IMPRISONMENT 204 MONTHS;
SUPERVISED RELEASE 5 YEARS;
SPECIAL ASSESSMENT $100.00
(1)

Offense Level (opening): 4

Terminated Counts:

21:841(a)(1) & (b)(1)(B) &
18:2 - POSSESS COCAINE AND
COCAINE BASE INTENDING TO
DISTRIBUTE (CT. II - 12/8/97)
(2)

Disposition

DISMISSED ON GOVERNMENT'S
MOTION
(2)

Offense Level (disposition): 4

Docket as of November 10, 2004 7:28 am

Page 1

A-56

|   | | |
|---|---|---|
| | | assess. $100.00; Count II of the indictment dismissed on govt's motion (lj) [Entry date 11/23/98] |
| /98 -- | | JUDGMENT registered against defendant Darryl Chambers (lj) [Entry date 11/23/98] |
| /17/98 | 61 | MOTION by USA as to Darryl Chambers with Proposed Order to Dismiss Count II of the Indictment (lj) [Entry date 11/23/98] [Edit date 11/23/98] |
| ./17/98 -- | | So Ordered as to Darryl Chambers granting [61-1] motion to Dismiss Count II of the Indictment as to Darryl Chambers (1) ( Signed by Judge Roderick R. McKelvie ) Notice to counsel. (lj) [Entry date 11/23/98] |
| ./17/98 -- | | DISMISSAL of Count(s) on Government Motion as to Darryl Chambers Counts Dismissed: Darryl Chambers (1) count(s) 2 lj) [Entry date 11/23/98] |
| ./19/98 | 62 | Steno Notes by Reporter Kevin J. Maurer as to Darryl Chambers for 11/17/98 sentencing hrg. (lj) [Entry date 11/23/98] |
| ./19/98 | 63 | JUDGMENT dtd. 11/18/98 as to Darryl Chambers (1) count(s) 1. IMPRISONMENT 204 MONTHS; SUPERVISED RELEASE 5 YEARS; SPECIAL ASSESSMENT $100.00 ( Signed by Judge Roderick R. McKelvie ) (Copies to cnsl, USM, Prob, FOB.) party Darryl Chambers (lj) [Entry date 11/23/98] |

ocket as of November 10, 2004 7:28 am                    Page 9

ʋβ̃ʋ

roceedings include all events.
:97cr105-ALL USA v. Chambers

                                                              CLOSED
| 2/29/98 -- | | Judgment Returned Executed as to Darryl Chambers ; executed on 12/3/98 - deft. delivered to FCI Fairton (ret. attached to orig. judgment) (lj) [Entry date 01/05/99] |
|---|---|---|
| /2/99 | 64 | TRANSCRIPT filed in case as to Darryl Chambers for dates of 11/17/98 Re: [0-0] sentencing hearing Court Reporter: Kevin J. Maurer (re) [Entry date 09/02/99] |
| /17/00 | 65 | LETTER to Judge McKelvie by Darryl Chambers re appeal rights (maw) [Entry date 08/29/00] |
| :/21/00 | 66 | LETTER from Clerk of Court to Darryl Chambers in response to DI #65. (maw) [Entry date 08/29/00] |
| :/2/04 | 67 | TRANSCRIPT filed in case as to Darryl Chambers for dates of 2/10/98 Re: sentence hearing Court Reporter: Brian Gaffigan (kk) [Entry date 08/02/04] |
| :/30/04 | 68 | ORDER as to Darryl Chambers issued by USCA 3rd Circuit denying Petitioner's Application to file a successive 2255 |

A-57

Motion. Petitioner's 2255 Motion and Response was fowarded to USDC/DE for processing as an initial 2255 Motion. (rc) [Entry date 10/01/04]

/04    69    MOTION by Darryl Chambers to Vacate under 28 U.S.C. 2255 ( Civil Action # 04-1317); Petitioners Address: Reg# 04022-015, FCI-Allenwood, P.O. Box 1000, White Deer, PA 17887. (rc) [Entry date 10/01/04]

30/04    70    MEMORANDUM OF LAW by Darryl Chambers in support of [69-1] motion to Vacate under 28 U.S.C. 2255 (rc) [Entry date 10/01/04]

30/04    71    RESPONSE by USA as to Darryl Chambers, re [69-1] motion to Vacate under 28 U.S.C. 2255 (rc) [Entry date 10/01/04]

/1/04    72    CASE reassigned   to Judge Kent A. Jordan (Copies to Judge, cnsl.) (dcap) [Entry date 10/01/04]

/4/04    73    ACKNOWLEDGMENT OF RECEIPT of service of 2255 Motion as to Darryl Chambers filed by USA. (rc) [Entry date 10/06/04]

/5/04    74    ORDER as to Darryl Chambers, directing Petitioner to complete and return AEDPA Election Form  set Status Report deadline to 11/4/04 for Darryl Chambers ( Signed by Judge Kent A. Jordan ) (Copies to cnsl & Petitioner.) (rc) [Entry date 10/06/04]

1/1/04    75    AEDPA Form filed by Darryl Chambers: Petitioner elects to amend Petition. (rc) [Entry date 11/01/04]

1/1/04    76    MOTION by Darryl Chambers to Proceed in Forma Pauperis Re: Amended Motion [DI#77] to Vacate under 28 USC sec. 2255. (rc) [Entry date 11/01/04]

ocket as of November 10, 2004 7:28 am               Page 10

Proceedings include all events.
:97cr105-ALL USA v. Chambers

                                                        CLOSED

11/1/04    77    AMENDED MOTION by Darryl Chambers to Vacate under 28 U.S.C. 2255 ( Civil Action # 04-1317 KAJ) (rc) [Entry date 11/01/04]

11/1/04    78    MEMORANDUM by Darryl Chambers (Titled as: " Petitioner's Pro Se Amended All-Inclusive Motion for Relief under 28 U.S.C. 2255") filed in support of re: [77-1] Amended Motion to Vacate under 28 U.S.C. 2255 (rc) [Entry date 11/01/04] [Edit date 11/01/04]

11/1/04    79    AFFIDAVIT by Darryl Chambers as to Darryl Chambers  Re: [77-1] Amended Motion to Vacate under 28 U.S.C. 2255 (rc) [Entry date 11/01/04]

11/1/04    80    NOTICE of Service by                        '5-79 upon USA. (rc)

# PROOF OF SERVICE

I certify that on __11/26/04__ (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

Clerk's Office
U.S. District Court
District of Delaware
844 King Street
Lockbox 18
Wilmington, DE 19801
(Original and Two Copies of Traverse
And Motion to Compel Discovery)

Robert J. Prettyman-AUSA
U.S. Attorney's Office
The Nemours Buildings
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899
(One Copy)

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on __11/26/04__ (date) for forwarding to the XXXXXXXXXXXXXXX. I certify under penalty of perjury that the foregoing is true and correct, 28 U.S.C. §1746.

Signature
Darryll Chambers - Pro Se
Reg. No. 04022-015
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000

Dated: __11/26/04__

*:\FORMS\BRFS-APP\Informal Brief Questionnaire.wpa*

REV. 02/95

A-59

RECEIVED
U.S. ATTORNEY'S OFFICE
DISTRICT OF DELAWARE

2004 DEC -1  AM 10: 25

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2004 DEC ~3  AM 11: 13

DARRYL CHAMBERS,

    Petitioner,

        v.

UNITED STATES OF AMERICA,

    Respondent.

Criminal Action No. 97-105-KAJ
Civ.A.No. 04-1317-KAJ

## ORDER

The Court, after considering the allegations in this motion by the United States, hereby grants the motion and Orders on this _3rd_ day of December 2004, that the United States is not required to file an Answer to Chambers' 28 U.S.C. §2255 motion unless the Court denies the United States' motion to dismiss Chambers' §2255 motion, at which point the United States will be ordered to answer Chambers' §2255 motion within 10 days of notice of the denial of that motion to dismiss.

Honorable Kent A. Jordan
U.S. District Court Judge

2004 DEC -3  PM 2: 54
DISTRICT OF DELAWARE
U.S. ATTORNEY'S OFFICE
RECEIVED

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Darryl Chambers,<br>　　　Petitioner, | : | Criminal No. 97-CR-105-KAJ |
| | : | Civil No. 04-CV-1317-KAJ |
| 　　　　v. | : | |
| UNITED STATES OF AMERICA,<br>　　　Respondent. | : | |
| | : | |

MOTION TO EXCUSE PROCEDURAL DEFAULT AND
MOTION TO GRANT WRIT

　　　　AND NOW COMES Darryl Chambers, petitioner pro se, and prays and respectfully moves this Honorable Court to excuse the procedural default resulting from petitioner's untimely filing of the writ of habeas corpus to restore petitioner's appellate rights because the constitutional violation herein has resulted in the conviction and sentence of one who is actually innocent.

　　　　As grounds for this motion, petitioner submits the following:

A. SHOWING OF ACTUAL INNOCENCE EXCUSES FAILURE TO COMPLY WITH LIMITATIONS PERIOD.

　　　　In Murray v. Carrier, 477 U.S. 478 (1986), and Schlup v. Delo, 513 U.S. 298 (1995), the Supreme Court recognized a narrow exception to the cause and prejudice requirement when a constitutional violation probably resulted in the conviction of a person who is "actually innocent" of the substantive offense. According to Schlup, a petitioner will be permitted to argue the merits of defaulted constitutional claims if he can show "it

-1-

is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."

In this case, petitioner was convicted via guilty plea of conspiracy to possess with intent to distribute cocaine base and cocaine, 21 U.S.C. §846, and possession with intent to distribute cocaine and cocaine base, 21 U.S.C. §841(a). The indictment made no mention of quantity. Therefore, pursuant to the Comprehensive Drug Abuse Prevention and Control Act of 1970, petitioner faced a statutory penalty of zero to 20 years imprisonment, not the mandatory minimum of 10 years to life as counsel had advised petitioner.

At the sentencing, using drug quantity, the government and PSI Report intimated that, using drug quantity of 50 grams or more of cocaine base, petitioner should receive a sentence of 204 months' imprisonment. After the sentencing, petitioner requested counsel to file an appeal, because upon information and belief, since the indictment did not allege any specific quantity, nor did petitioner admit to any specific quantity, petitioner should not have been punished to any mandatory minimum sentence by statute.

Counsel advised petitioner that he did not have any issues to appeal. And, no appeal was filed.

B. LACK OF JURISDICTION

In Schlup, the U.S. Supreme Court held that a petitioner who procedurally defaults the constitutional violation he alleged in his petition may not present it in a federal habeas proceeding unless he first demonstrates that either: 1) "cause and prejudice" excuses the default; or 2) the dismissal of his appeal would produce "a miscarriage of justice." To establish a miscarriage of justice, the petitioner must furnish "new reliable evidence...

-2-

A-63

that was not presented at trial" showing that "it is more likely than not
that no reasonable juror would have convicted him in light of the new evi-
dence."

In In re Winship, 397 U.S. 358 (1970), the Supreme Court declared
that "the Due Process Clause protects the accused against conviction except
upon proof beyond a reasonable doubt of **every fact** necessary to constitute
the crime with which he is charged." Id. at 364. Petitioner respectfully
submits that counsel knew or should have known that it would be unlawful
for petitioner to plea to the indictment alleging no amounts of controlled
substance, and subsequently fail to object to the PSI Report and the govern-
ment's assertion that petitioner was responsible, for sentencing purposes,
for distributing an amount of controlled substance, an element of §841(a)
offenses, without that amount of substance being charged in the indictment
and proven beyond a reasonable doubt. It was further error on counsel's
behalf to fail to file an appeal at the very least on jurisdictional grounds
because a quantity of 50 grams or more could not be used to sentence peti-
tioner where the indictment does not allege any amount. See, e.g. California
v. LaRue, 409 U.S. 109 (1972)(where Supreme Court declared that jurisdiction
cannot be waived and cannot be conferred upon a federal district court by
consent, inaction or stipulation).

C. LIMITATIONS PERIOD

In 1996, Congress passed AEDPA, which created a one-year limitations
period for habeas claims. The fact that AEDPA did not include an actual
innocence exception for the newly created limitations period does not show
that Congress intended to eliminate the exception in all contexts except

-3-

for the two explicitly addressed in the statute.

Even after AEDPA, the courts of appeals have continued to apply the more lenient Schlup actual innocence exception to cases involving other types of procedural default. Moreover, in Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held that, in a case in which a petitioner defaulted on his federal claims in state court by failing to timely file in state post-conviction proceedings, federal habeas review was still available if the petitioner demonstrated that failure to consider the claims would result in a fundamental miscarriage of justice.

Thus, five years prior to the enactment of the federal statute of limitations, it was already well established that a procedural default resulting from an untimely filing could be excused by a federal habeas court where a constitutional violation has probably resulted in the conviction of one who is actually innocent.

D. CONCLUSION

In this case, petitioner respectfully submits that he is actually innocent of the substantive offense(s) for which he was convicted. Pursuant to the Comprehensive Drug Abuse Prevention and Control Act of 1970, Section(s) 841(b)(1)(A), (b)(1)(B) and (b)(1)(C) are no doubt "separate offense[s] calling for...separate penaltie[s]," Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. at 2365 (2000). And, counsel was ineffective for failing to file a notice of appeal, at the very least on the grounds that the district court was without jurisdiction to punish petitioner using drug quantity of 50 grams or more as the basis for his sentence with a guilty verdict for an indictment with no amounts. See, e.g. United States v. Gonzales, 259 F.3d 355, 360

-4-

(5th Cir. 2001); see also, United States v. Baptiste, 264 F.3d 578 (5th Cir. 2001)(where the U.S. Court of Appeals for the Fifth Circuit held that a due process error involving the failure to charge drug quantity in the indictment and submit to jury [or factfinder] for proof beyond a reasonable doubt is a jurisdictional defect).

Counsel's letter to the government on December 2, 2004, is proof positive of his ineffective assistance. The fourth paragraph of the letter indicates that counsel "very well may have advised" petitioner that because of the circumstances surrounding the stipulation and agreement that was reached, that there were no appealable issues. (See Exhibit "A"). Clearly, at the very least there is a jurisdictional defect. Positively, petitioner is innocent of any offense arising under §841(b)(1)(A), the conviction and sentencing statute that petitioner was sentenced pursuant to. And, for the government to suggest to this Honorable Court that the motion be dismissed on procedural grounds, when petitioner is clearly actually innocent, would be "constitutionally problematic," as the Supreme Court has noted in Herrera v. Collins, 506 U.S. 390 (1993), where three justices opined that incarcerating an actually innocent person would violate the Eighth Amendment's prohibition of cruel and unusual punishment.

WHEREFORE, petitioner Darryl Chambers, prays and respectfully moves this Honorable Court to DENY the government's motion to dismiss and ORDER the government to answer petitioner's §2255 motion within 10 days of notice of the denial of that motion to dismiss or in the alternative, GRANT the writ and ORDER petitioner writted for an evidentiary hearing on his claim of ineffective assistance of counsel for counsel's failure to file an appeal.

-5-

Respectfully Submitted,

Dated: 03 | 4 | 05

Darryl Chambers - Pro Se
Reg. No. 04022-015
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000

-6-

 EXHIBIT "A"

LAW OFFICES
## JOSEPH W. BENSON, P.A.

JOSEPH W. BENSON*
ANDREW G. AHERN III
CARL W. HECKERT **

1701 N. MARKET STREET
P. O. BOX 248
WILMINGTON, DELAWARE 19899
(302) 656-8811
FAX (302) 656-4230

*ADM. DE, DC
** ADM. DE & PA

December 2, 2004

Robert J. Prettyman, Esquire
U.S. Department of Justice
The Nemours Building
1007 Orange Street
Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046

Re:    Darryl Chambers v. United States
       Civ. A. No. 04-1317-KAJ

Dear Bob:

This will acknowledge receipt of additional correspondence from you under date of December 1, 2004 in which you included additional documents filed by Mr. Chambers, pro se.

As I indicated in my phone conversation with you, I have been trying to locate his file since I initially received correspondence from you in late November, however I have been unsuccessful in finding same. I will continue to look for the file and to the extent that upon recovering the contents it differs from what I am about to advise you as my current recollection, I will notify you immediately.

In reviewing the documents filed by Mr. Chambers, I must tell you that there is absolutely no recollection on my part that I was instructed by Mr. Chambers to take an appeal, subsequent to his being sentenced by Judge McKelvey.

It is possible that Mr. Chambers asked me about the possibility of an appeal and I very well may have advised him that because of the circumstances surrounding the stipulation and the agreement that we reached, that there were no appealable issues.

Had I been instructed by Mr. Chambers to take an appeal, I would have immediately done so. If I then continued to feel that there were no legitimate issues for an appeal, I would have then filed an Anders Brief. I have occasionally been put in this situation, and have always, and I repeat always, followed the instructions of my client. I may disagree with the client regarding the likelihood of the success of an appeal, but I protect their rights by doing so.

Robert J. Prettyman, Esquire
Page 2

As I indicated, this is my recollection of the issues at hand, and once I retrieve my file, to the extent that anything in the file would cause me to change my recollection or refresh my recollection, I will notify you immediately.

Please contact me should you require any further assistance.

Very truly yours,

JOSEPH W. BENSON

Joseph W. Benson

JWB/al
c: Darryl Chambers

RECEIVED
U.S. ATTORNEY'S OFFICE
2005 MAR 18 AM 10: 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DARRYL CHAMBERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil No. 04-1317-KAJ |
| v. | ) | Criminal Act. No. 97-105-KAJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF SERVICE

I, Cynthia McMichael, an employee in the Office of the United States Attorney

for the District of Delaware, hereby attest under penalty of perjury that on the 25th day of March,

2005, I electronically filed a VOLUME II OF APPENDIX TO RESPONSE BY UNITED

STATES TO CHAMBERS' MOTION TO EXCUSE PROCEDURAL DEFAULT AND

MOTION TO GRANT WRIT with the Clerk of Court using CM/ECF. Said document is

available for viewing and downloading from CM/ECF. I also caused said document to be served

by placing two copies in the U.S. Mail at the following address:

Darryl Chambers
Pro Se Inmate
#04022-15
FCI - Allenwood
(Low Security Correctional Institution)
P.O. Box 1000
White Deer, PA 17887
LEGAL MAIL


Cynthia L. McMichael
Legal Assistant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DARRYL CHAMBERS,                    )
                                    )
        Petitioner,                 )
                                    )           Civil Act. No. 04-1317-KAJ
        v.                          )           Criminal Act. No. 97-105-KAJ
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Defendant.                  )

## CERTIFICATE OF SERVICE

I, Cynthia McMichael, an employee in the Office of the United States Attorney

for the District of Delaware, hereby attest under penalty of perjury that on the 29th day of March,

2005, I caused to be delivered to the Clerk of Court a disk containing VOLUME II OF

APPENDIX TO RESPONSE BY UNITED STATES TO CHAMBERS' MOTION TO EXCUSE

PROCEDURAL DEFAULT AND MOTION TO GRANT WRIT for the Clerk of Court to

electronically file/docket. The filed/docketed document will be available for viewing and

downloading from CM/ECF. I also caused said document to be served by placing two copies in

the U.S. mail, postage paid, to:

Darryl Chambers
Pro Se Inmate
#04022-015
FCI - Allenwood
(Low Security Correctional Institution)
P.O. Box 1000
White Deer, PA 17887
LEGAL MAIL

Cynthia L. McMichael
Legal Assistant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DARRYL CHAMBERS,                          :
                                          :
     Petitioner,                         :
                                          :
                                          :   Civil Action No.  04-1317 – KAJ
  v.                                      :   Criminal Action No. 97-105-KAJ
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
     Respondent.                    :

### AFFIDAVIT OF SERVICE

    I, Cynthia McMichael, an employee of the United States Attorney for the

District of Delaware, hereby attest under penalty of perjury that on the 19th day of October, 2005,

I electronically filed a Redacted Pubic Version of Docket Item 91 with the Clerk of Court using

CM/ECF. Said document is available for viewing and downloading from CM/ECF. I also caused

said document to be served on Petitioner Darryl Chambers by causing two copies of said

document addressed to him to be placed in the U.S. Mail for delivery to the following address:


Mr. Darryl Chambers, *Pro Se*
Reg. No. 04022-015
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000
LEGAL MAIL


Cynthia  L. McMichael
Legal Assistant
Cynthia.McMichael@usdoj.gov