IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DARRYL CHAMBERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 04-1317-KAJ |
| | ) | Cr. A. No. 97-105-KAJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

---

Darryl Chambers. *Pro se* petitioner.

Robert J. Prettyman, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

---

December 14, 2006
Wilmington, Delaware



JORDAN, District Judge

## I. INTRODUCTION

Petitioner Darryl Chambers ("Chambers") filed an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 77) For the reasons discussed, I will deny Chamber's § 2255 motion as time-barred without holding an evidentiary hearing.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On February 10, 1998, Chambers pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).[1] (D.I. 22) The plea agreement states, in relevant part, that "the maximum penalties for this offense are life imprisonment, with a mandatory minimum 10 years imprisonment, a $4,000,000.00 fine, at least 5 years of supervised release following any imprisonment, or any of the above, and a special assessment of not less than $100.00." *Id*. After an extensive hearing, Chambers and the Government entered into a sentencing stipulation whereby Chambers "knowingly, voluntarily and intelligently agree[d] and stipulate[d] that . . . the weight of the cocaine is at least 150, but less than 500 grams." (D.I. 59) The parties also agreed to "recommend 17 years imprisonment as the appropriate range of imprisonment." *Id*. On November 17, 1998, the Honorable Roderick R. McKelvie sentenced Chambers to 204 months (17 years) of imprisonment, 5 years supervised release, and a $100 special assessment. The judgment of conviction was entered on the docket on November 23, 1998.

---

[1]This case was re-assigned to the undersigned on October 1, 2004. (D.I. 72)

1

Chambers did not file a direct appeal. Instead, in August 2004, Chambers filed a § 2255 motion in the United States Court of Appeals for the Third Circuit, along with an application for permission to file a second or successive § 2255 motion. (D.I. 69; D.I. 70) Chambers' § 2255 motion alleged that his sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), because the indictment did not allege a quantity of drugs and the judge improperly determined the drug quantity under the preponderance of evidence standard. The Government filed a response, arguing that the § 2255 motion was not a second or successive § 2255 motion because Chambers had not filed a prior § 2255 motion. (D.I. 71) The Government also argued that the Third Circuit should deny Chambers' request to file a second or successive § 2255 motion because *Apprendi* does not apply retroactively to cases on collateral review. *Id.*

The Third Circuit denied Chambers' application to file a second or successive § 2255 motion because the motion was, in fact, Chambers' first § 2255 motion. The Third Circuit transferred the motion to this court with directions to process the motion as an initial § 2255 motion. (D.I. 68) The clerk entered the § 2255 motion on the docket on October 1, 2004, and issued the requisite warnings pursuant to *United States v. Miller*, 197 F.3d 644, 652 (3d Cir. 1999) and *Mason v. Meyers*, 208 F.3d 414, 418 (3d Cir. 2000). Thereafter, in November 2004, Chambers filed an amended § 2255 motion, replacing his original substantive *Apprendi* claim with an ineffective assistance of counsel claim based on counsel's alleged failure to file an appeal raising the *Apprendi* issue. (D.I. 78) More specifically, in his amended § 2255 motion, Chambers contends

that counsel refused to file an appeal raising the argument that his maximum statutory sentencing exposure should have been 20 years, rather than life imprisonment, because the indictment did not allege any specific drug quantity and because he did not stipulate that the drug involved was "crack cocaine."[2]

The Government filed a motion to dismiss the amended § 2255 motion as time-barred under the one-year statute of limitations contained in 28 U.S.C. § 2255. (D.I. 84) Chambers filed a traverse asserting that the limitations period should be equitably tolled because he is "actually innocent." (D.I. 88) The Government filed a response arguing that Chambers' actual innocence claim is meritless and does not warrant equitable tolling. (D.I. 89)

### III. DISCUSSION

#### A. One Year Filing Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion by federal prisoners. *See* 28 U.S.C. § 2255; *Miller v. New Jersey State Dep't of Corrs.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998) (holding that one-year limitations period set forth in § 2255 is not a jurisdictional bar and is thus subject to equitable tolling). The one-year limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is

---

[2]Interestingly, Chambers does not argue that his 17 year sentence violates *Apprendi*; rather, he argues that the maximum mandatory sentence should have been identified as 20 years rather than life imprisonment.

removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In Chambers' case, § 2255 (1) governs the starting date of the one-year limitations period.[3] Chambers' judgment of conviction was entered on the docket on November 23, 1998, and because he did not file a direct appeal, Chambers' conviction became final on December 8, 1998. *See Kapral v. United States,* 166 F.3d 565, 577 (3d Cir. 1999)(where the defendant does not file a timely direct appeal, his conviction and sentence become final on the date on which the time for filing such an appeal expires); Fed. R. App. P. 4(b)(1) (in a criminal case, a defendant must file a notice of appeal within 10 days after the entry of judgment); Fed. R. App. P. 26 (computation of time-period excludes holidays and weekends ). Thus, to be timely, Chambers had to file his § 2255 motion by December 9, 1999. *See Wilson v. Beard,* 426 F.3d 653, 662-

---

[3]First, Chambers does not allege, nor can I discern, any facts triggering the application of § 2255(2). Second, even though Chambers bases his ineffective assistance of counsel claim on counsel's failure to raise what amounts to an *Apprendi* claim on appeal, § 2255(3) does not trigger a later filing date because *Apprendi* does not apply retroactively to cases that became final before June 26, 2000. *See United States v. Swinton,* 333 F.3d 481, 489 (3d Cir. 2003). As I explain in the text of opinion, Chambers' judgment of conviction became final on December 8, 1998. *See United States v. Swinton,* 333 F.3d 481, 489 (3d Cir. 2003). Finally, § 2255(4) does not extend the filing period in Chambers' case. In December 1998, Chambers knew that counsel had not filed an appeal, yet Chambers waited until August 2004 to even attempt to file a § 2255 motion. Clearly, Chambers did not exercise the diligence necessary to trigger the application of § 2255(4).

4

63 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure Rule 6(a) applies to the calculation of the AEDPA's one-year limitations period); *see, e.g., Harris v. Snyder*, 2002 WL 47895 (D. Del. Jan. 11, 2002).

Chambers did not file the instant motion until August 18, 2004.[4] Accordingly, unless there are circumstances justifying the equitable tolling of the one-year limitation period, Chambers' § 2255 motion is untimely.

**B. Equitable Tolling**

AEDPA's limitation period may be subject to equitable tolling in "the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir. 1999); *Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616 (3d Cir. 1998); *United States v. Midgley,* 142 F.3d 174, 179 (3d Cir. 1998); *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller*, 145 F.3d at 618-19 (citations omitted); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

---

[4]Although Chambers filed his amended § 2255 motion in October 2004, I will use the date contained on Chambers' original § 2255 motion, August 18, 2004, as the filing date for determining the timeliness of his motion. *See* Fed. R. Civ. P. 15(a)(permitting a party to amend a pleading once as a matter of course any time before a responsive pleading is served); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998)(applying the mailbox rule to § 2255 motions).

(1) where the defendant actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

Chambers contends that I should equitably toll the limitations period pursuant to *Schlup v. Delo*, 513 U.S. 298 (1995) because he is actually innocent of the underlying crime. Specifically, Chambers alleges that his maximum mandatory sentence should have been identified as a 20 year sentence, and not life imprisonment, because his indictment did not allege a specific drug quantity. Distilled to its core, I interpret Chambers' argument to be that he is actually innocent of violating 21 U.S.C. § 841(b)(1)(A) because, given the absence of a drug quantity in the indictment, he should have been charged with violating 21 U.S.C. § 841(b)(1)(C).

As an initial matter, it is unclear whether a claim of "actual innocence" can constitute a basis for equitably tolling AEDPA's limitations period. In *Schlup,* the Supreme Court explained that an actual innocence claim is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup*, 513 U.S. at 315. The actual innocence doctrine has been applied to procedural defaults, but neither the Supreme Court nor the Third Circuit has held that AEDPA's statute of limitations can be equitably tolled on the basis of actual innocence. *See United States v. Davies*, 394 F.3d 182, 191 n.8 (3d Cir. 2005)(expressly reserving the question); *see, e.g., Horning v. Lavan*, 2006 WL 2805608, at *4 (3d Cir. Oct. 2, 2006)("we have yet to

6

hold that the AEDPA statute of limitations can be equitably tolled on the basis of actual innocence.").

However, even if I presume that "actual innocence" can excuse a time-bar, Chambers has failed to satisfy the threshold standard for a viable actual innocence claim. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To establish "actual innocence," Chambers must: (1) assert "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," *Hubbard v. Pinchak*, 378 F.3d 333,339-40 (3d Cir. 2004); and (2) prove that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327. Here, the fact that the indictment did not contain a drug quantity does not constitute "new reliable evidence"; Chambers knew that the indictment did not assert a drug quantity when he entered his plea in 1998, the parties addressed the absence of a specific drug quantity during Chambers' plea colloquy, and the Honorable Roderick R. McKelvie actually conducted a separate hearing after the plea colloquy in order to ascertain the quantity of drugs involved.

Chambers also cannot prove that it is more likely than not that no reasonable juror would have convicted him of violating § 841(b)(1)(A), if presented with his "actual innocence" claim. Chambers signed a separate sentencing stipulation with the Government admitting that "the weight of the cocaine is at least 15 kilograms, but less than 500 grams,"[5] and the stipulated quantity of drugs falls within the range contained

---

[5]The stipulation also articulates the relevant sentencing guideline calculations and contains an agreement that each party would recommend a sentence of 17 years

7

in 21 U.S.C. § 841(b)(1)(A). Thus, Chambers was properly convicted of violating § 841(b)(1)(A), and because his 17 year sentence is much lower than the possible maximum life sentence, his "actual innocence" claim is meritless.[6]

I also conclude that equitable tolling is inappropriate in Chambers' case because he did not act with the requisite diligence in pursuing the instant ineffective assistance of counsel claim. The record reveals that Chambers knew on November 17, 1998 that he had a 10-day period in which to file a timely appeal.[7] Additionally, Chambers' § 2255 motion reveals that Chambers knew counsel did not file an appeal.[8] Chambers, however, waited until August 2004 to even attempt to file a § 2255 motion raising the instant ineffective assistance of counsel claim, and he does not offer any explanation for the lengthy five year delay. In short, Chambers' failure to act does not warrant equitable tolling.

---

imprisonment.

[6]Moreover, Chambers' "actual innocence" argument merely reiterates the *Apprendi* claim asserted in his original § 2255 motion filed in the Third Circuit. As I previously explained, *Apprendi* claims do not trigger later filing dates for habeas petitions under § 2255(3) when the petitioner's judgment of conviction became final prior to June 26, 2000. *See supra* at 4, n.3. To permit equitable tolling on the basis of an *Apprendi* claim re-styled as an "actual innocence" claim would defeat Congress' intent in enacting § 2255(3) in the first place. Thus, to the extent Chambers' "actual innocence" claim is an attempt to raise his *Apprendi* claim through the back door, it fails to warrant equitable tolling. *See, e.g., Leinenbach v. Williamson*, 152 Fed. Appx. 197, 199 (3d Cir. 2005)("Leinenbach's argument is one of legal innocence, not factual innocence, based on the erroneous premise that *Apprendi*, *Blakely*, and *Booker* apply retroactively to cases on collateral review.")

[7]The Honorable Roderick M. McKelvie informed Chambers during his sentencing hearing that Chambers had to exercise his right to appeal within 10 days. (D.I. 64 at 5)

[8]In his amended § 2255 motion, Chambers contends that counsel refused to file an appeal because there were no appealable issues. (D.I. 77, at Ground One)

Accordingly, I will deny Chambers' § 2255 motion as time-barred.

### C. Discovery Motion

Chambers filed a motion to compel discovery during the pendency of his § 2255 motion. (D.I. 85)  I have concluded that Chambers' § 2255 motion is time-barred. Therefore, I will deny Chambers' motion to compel discovery as moot.

### D. Evidentiary Hearing

Chambers also filed two motions for an evidentiary hearing during the pendency of this proceeding.  A federal court may deny a § 2255 motion without holding an evidentiary hearing only if the "motion and the files and records of the case conclusively show" that the petitioner is not entitled to relief.  28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy,* 410 F.3d 124, 131 (3d Cir. 2005);  Rule 8(a), 28 U.S.C. foll. § 2255.  As previously explained, the record conclusively shows that Chambers is not entitled to relief because his § 2255 motion is time-barred.  Accordingly, I will deny Chambers' motions for an evidentiary hearing.[9]  (D.I. 92; D.I. 100)

---

[9]The Third Circuit's holding in *United States v. McCoy,* 410 F.3d 124 (3d Cir. 2005) does not dictate a different result.  In *McCoy*, the Third Circuit held that a district court must hold an evidentiary hearing on a § 2255 motion asserting ineffective assistance for failure to file a direct appeal when the files and records of the case do not conclusively show that the petitioner is not entitled to relief.  Chambers' case, however, differs significantly from *McCoy's* case.  First, the § 2255 motion in *McCoy* was timely filed and the district court denied the ineffective assistance of counsel claim on the merits, whereas Chambers' motion is untimely.  Second, Chambers has provided a copy of a letter from counsel to the Government stating that: (1) he has absolutely no recollection that Chambers instructed him to take an appeal; (2) even if Chambers asked about an appeal, he "very well may have advised" Chambers that there were no appealable issues; and (3) had Chambers instructed him to take an appeal, he would have immediately done so and he also would have filed an *Anders* brief if necessary because he always follows the instructions of his client even if he

9

## IV.     CONCLUSION

For the reasons stated, I will grant the Government's motion to dismiss Chambers' § 2255 motion as time-barred.  (D.I. 84)  I will not issue a certificate of appealability because reasonable jurists would not debate the correctness of my conclusion that Chambers' § 2255 motion is time-barred.  See 28 U.S.C. § 2253(c)(2)(A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; Local App. R. 22.2.  As appropriate order will follow.

---

disagrees with the client regarding the likelihood of success on appeal.  (D.I. 88 at Exh. A)  Therefore, the record includes the necessary information for resolving Chambers' contention that defense counsel failed to comply with his request.