UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT



| | | |
|---|---|---|
| Darryl Chambers,<br>    Petitioner-Appellant, | : | Civil No. 04-CV-1317-KAJ<br>(Section 2255 Motion) |
| | : | |
| v. | | Criminal No. 97-CR-105-KAJ |
| | : | |
| UNITED STATES OF AMERICA,<br>    Respondant-Appellee. | : | |

APPLICATION FOR CERTIFICATE OF APPEALABILITY

AND NOW COMES Darryl Chambers, petitioner-appellant pro se, and hereby prays and respectfully moves this Honorable Court to GRANT Certificate of Appealability ("COA" hereinafter), on denial of a motion to restore appellate rights pursuant to 28 U.S.C. §2255, by the United States District Court for the District of Delaware, Judge Kent A. Jordan, on December 14, 2006. COA was also denied by the district court on said date.

Petitioner-appellant moves this Court to GRANT COA on the following issue:

> WHETHER THE DISTRICT COURT ERRED IN FAILING TO HOLD AN
> EVIDENTIARY HEARING TO DETERMINE WHETHER AEDPA's STATUTE
> OF LIMITATIONS CAN BE EQUITABLY TOLLED ON THE BASIS OF
> ACTUAL INNOCENCE.

I. <u>RULE OF LAW</u>

In <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), the Supreme Court declared that a claim of "actual innocence" can never be procedurally defaulted. Also, the doctrine of actual innocence is applied to the conviction itself,

-1-

but it also applies to sentencing as well.  See United States v. Maybeck, 23 F.3d 888 (4th Cir. 1994).  The actual innocence doctrine has been applied to procedural defaults, but neither the Supreme Court nor the Third Circuit has held that AEDPA's statute of limitations can be equitably tolled on the basis of actual innocence.  See United States v. Davies, 394 F.3d 182, 191 n.8 (3d Cir. 2005)(expressly reserving the question); see, e.g., Horning v. Lavan, 2006 WL 2805608, at *4 (3rd Cir. Oct. 2, 2006)("we have yet to hold that the AEDPA statute of limitations can be equitably tolled on the basis of actual innocence.").

In this case, the district court denied the §2255 motion on petitioner-appellant's allegation that counsel was ineffective for failing to file a notice of appeal after the sentencing for an indictment charging an indeterminate amount of controlled substance.  Petitioner-appellant submitted, via affidavit, that he instructed counsel to file a notice of appeal because: 1) the indictment did not allege any specific drug quantity; 2) he never admitted to any substance as being "crack", and 3) the district court never asked petitioner-appellant to provide an independent estimate of the quantity of drugs that were the object of the conspiracy.  (See Attached Indictment)

At the sentencing, petitioner-appellant signed a sentencing stipulation with the Government, at counsel's advice, admitting the weight of cocaine to be at least 15 kilograms.  Because of this sentencing stipulation, the drug quantity fell within the penalty provision as provided pursuant to 21 U.S.C. §841(b)(1)(A).  Petitioner-appellant wanted an appeal filed because no drug quantity was charged nor allocuted to, and therefore, he should have been sentenced pursuant to 21 U.S.C. §841(b)(1)(C).  The sentence of

-2-

204 months' imprisonment and 5 years' supervised release exceeds the maximum penalty authorized by statute, and thus, petitioner-appellant is actually innocent of the elements of §(b)(1)(A) that exposed him to a life sentence and minimum term of 5 years' supervised release.

A. Actual Innocence Of A Sentence

In Smith v. Murray, 477 U.S. 527, 537 (1986) and Dugger v. Adams, 489 U.S. 401, 410-12 n.6 (1989), the Supreme Court applied to sentencing review the same rationale applied to the habeas review of convictions of defendants who were actually innocent. The reasoning of Smith and Dugger logically extends to non-capital sentencing enhancement cases. In capital sentencing cases, the jury has determined guilt, and when aggravating factors are present, the sentence is enhanced to one of death. In non-capital enhancement cases, the length of a defendant's sentence may be aggravated by factors specified by statute or Guidelines. In this case, for example, the statute that petitioner-appellant was convicted of, 21 U.S.C. §841(b)(1)(C), carried a maximum penalty of zero to 20 years' imprisonment and 3 years' supervised release, at the time of conviction. At the sentencing phase, counsel advised petitioner-appellant to stipulate and agree with the Government that drug quantities not charged in the indictment be used to enhance the sentence thereby increasing the statutory maximum penalty from zero to 20 years' imprisonment to 10 years to life imprisonment and 5 years' supervised release. (See Attached Indictment)

Hence, a defendant in either a capital or non-capital case would, unless excepted from the cause and prejudice requirement, suffer the same general consequence (an enhanced sentence) from being held responsible for an act which he or she is actually innocent, in this case drug quantity.

II. APPLICABILITY

Appylying the law with respect to acutal innocence doctrine to procedural defaults, petitioner-appellant submits that an evidentiary hearing should have been held in this case where a petitioner who seemingly defaulted on his federal claims in state or federal court, because of counsel's failure to timely file a notice of appeal, would result in a fundamental miscarriage of justice for failure to consider the claim. See Coleman v. Thompson, 501 U.S. 722 (1991).

Pursuant to the Comprehensive Drug Abuse Prevention and Control Act of 1970, as codified in 21 U.S.C. §§841(a)(1) and (b)(1)(A), (b)(1)(B) and (b)(1)(C), an indictment is mandatory and jurisdictional. It must contain an allegation of every fact which is legally essential to the punishment to be inflicted. Therefore, a court may only take cognizance of charges specified with respect to every essential element in the indictment. See United States v. Williams, 235 F.3d 858 (3rd Cir. 2000)(intimating that the maximum prescribed statutory penalty for an indictment that alleged no drug quantity is 20 years pursuant to §841(b)(1)(C)). (See Attached Indictment)

III. CONCLUSION

WHEREFORE, petitioner-appellant submits that COA should be GRANTED because reasonable jurists would debate whether the district court was correct in denying the §2255 motion as time-barred without first holding a hearing to determine whether AEDPA's statute of limitations can be equitably tolled on the basis of actual innocence. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); 28 U.S.C. §2253(c)(2).

Done this 27th day of December, 2006.

-4-

Respectfully Submitted,

*[signature]*

Darryl Chambers - Pro Se
Reg. No. 04022-015
LSCI Allenwood
P.O. Box 1000
White Deer, PA  17887-1000

-5-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

EXHIBIT "A"

UNITED STATES OF AMERICA,

Plaintiff,

v.

Criminal Action No. 97-105

DARRYL CHAMBERS, a.k.a. WOLFIE,

Defendant.

*[handwritten: FAYE BULLOCK. LYNETTE CRAWFORD.]*

### INDICTMENT

The Grand Jury for the District of Delaware charges that:

### COUNT I

In or about July 1997, to on or about December 8, 1997, in the State and Judicial District of Delaware, Darryl Chambers, a.k.a. Wolfie, defendant herein, did knowingly conspire with "F.B." and "L.C." to possess with intent to distribute cocaine and cocaine base, controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), all in violation of Title 21, United States Code, Section 846.

### COUNT II

On or about December 8, 1997, in the State and Judicial District of Delaware, Darryl Chambers, a.k.a. Wolfie, defendant herein, did knowingly possess cocaine and cocaine base, controlled substances, intending to distribute them, all in violation of

Title 21, United States Code, Section 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2.

A TRUE BILL:

*[signature]*
Foreperson

GREGORY M. SLEET
United States Attorney

BY: *[signature]*
Robert J. Prettyman
Assistant United States Attorney

Dated: December 16, 1997

A-43



# PROOF OF SERVICE

I certify that on Dec. 27, 2006 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

Clerk's Office
U.S. Court of Appeals
Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106
(Original and Three Copies of Application for Certificate of Appealability)

Robert J. Prettyman-AUSA
U.S. Attorney's Office
District of Delaware
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046
(One Copy-Same)

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 12-27-06 (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_____
Signature

Darryl Chambers - Pro Se
Reg. No. 04022-015
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000

Dated: Dec. 27, 2006

*Rev. 09/05*